

FILED
CLERK, U.S. DISTRICT COURT

JUL -2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MANUEL MURILLO, )  NO. CV 08-2344-GHK(CT)
                          )
        Petitioner,       )  ORDER ACCEPTING
                          )  MAGISTRATE JUDGE'S
    v.                    )  REPORT AND RECOMMENDATION
                          )
D. DEXTER, Warden,        )
                          )
        Respondent.       )
_____)

Pursuant to 28 U.S.C. § 636, the court has reviewed the entire

file de novo, including the magistrate judge's report and

recommendation and petitioner's objections.  This court concurs with

the magistrate judge's finding that the petition is untimely.

In his one (and only) ground raised in the petition, petitioner

contends that his upper term sentence, imposed in November of 2003,

violated his Sixth Amendment right to a jury trial because it was

based on facts found by the judge, rather than the jury.  (Pet. at

5).  Petitioner cites the Supreme Court's decision in Cunningham v.

California, ___ U.S. ___, 127 S.Ct. 856 (2007).  At the time the

report and recommendation was filed, neither the Ninth Circuit nor

the Supreme Court had determined whether Cunningham could be

retroactively applied to cases on collateral review.  Consequently,

1 | the magistrate judge found that <u>Cunningham</u> was not a basis for

2 | delaying the running of the statute of limitations in petitioner's

3 | case under 28 U.S.C. § 2244(d)(1)(C), which delays the running of

4 | the limitations period for claims based on newly recognized

5 | constitutional rights where those new rights have been "made

6 | retroactively applicable to cases on collateral review."

7 |     Since the report and recommendation was filed, the Ninth

8 | Circuit has determined that the application of <u>Cunningham</u> to cases

9 | on habeas review is not barred by the non-retroactivity doctrine of

10 | <u>Teague v. Lane</u>, 489 U.S. 288 (1989), because <u>Cunningham</u> did <u>not</u>

11 | announce a new constitutional procedural rule.  <u>Butler v. Curry</u>, ___

12 | F.3d. ___, 2008 WL 2331440 *5-*8 (9th Cir. 2008).  Rather,

13 | <u>Cunningham</u> "simply applied the rule of <u>Blakely [v. Washington</u>, 542

14 | U.S. 296 (2004)], to a distinct but closely analogous sentencing

15 | scheme."  <u>Id</u>. at *8.  Thus, although petitioner cites <u>Cunningham</u> in

16 | support of his challenge to his sentence, his asserted habeas ground

17 | is actually based on the constitutional right newly recognized by

18 | the Supreme Court in <u>Blakely</u>.

19 |     This does not change the outcome, however, because the Ninth

20 | Circuit has expressly held that <u>Blakely</u> is <u>not</u> retroactively

21 | applicable to cases on collateral review, <u>see</u> <u>Schardt v. Payne</u>, 414

22 | F.3d 1025, 1038 (9th Cir. 2005), and <u>Blakely</u> was not decided until

23 | June 24, 2004, months after petitioner's conviction became final.

24 | <u>See</u> Report and Recommendation at 3 (finding petitioner's conviction

25 | became final in January of 2004).

26 |     In his objections, petitioner contends that the running of the

27 | statute of limitations should be delayed under 28 U.S.C. §

28 |

1  2244(d)(1)(D) because he did not discover the factual predicate of

2  his ground(s) until he learned of the Supreme Court's decision in

3  <u>Cunningham v. California</u>, ___ U.S. ___, 127 S.Ct. 856 (2007).

4  (Objections at 5-6).  However, petitioner's ignorance of the law is

5  not a basis for delaying the statute of limitations under subsection

6  2244(d)(1)(D).  <u>See</u> <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 n. 3 (9th

7  Cir.2001) (stating the statute of limitations begins to run when the

8  prisoner knows the important facts, not when the prisoner recognizes

9  their legal significance).  Moreover, the <u>Cunningham</u> decision is not

10 a "factual predicate" within the meaning of subsection

11 2244(d)(1)(D).  <u>See</u> <u>Shannon v. Newland</u>, 410 F.3d 1083, 1089 (9th

12 Cir. 2005)(a court decision establishing an abstract proposition of

13 law arguably helpful to the petitioner's claim does not constitute

14 the "factual predicate" for that claim).  Indeed, such an

15 interpretation would render § 2244(d)(1)(C) meaningless.

16      Nor has petitioner shown a basis for equitably tolling the

17 statute of limitations.  <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418

18 (2005)("[A] litigant seeking equitable tolling [of the one-year

19 AEDPA limitations period] bears the burden of establishing two

20 elements: (1) that he has been pursuing his rights diligently, and

21 (2) that some extraordinary circumstance stood in his way").

22 Petitioner's allegation that he was ignorant of the law does not

23 justify equitable tolling.  <u>See</u> <u>Raspberry v. Garcia</u>, 448 F.3d 1150,

24 1154 (9th Cir.2006) (a <u>pro</u> <u>se</u> petitioner's lack of legal

25 sophistication is not, by itself, an extraordinary circumstance

26 warranting equitable tolling).

27      In his objections, petitioner also raises a new ground

28                                                3

1 essentially alleging that his trial counsel rendered ineffective

2 assistance by failing to appeal petitioner's sentence. (Objections

3 at 3, 6). The factual predicate for this ground occurred when the

4 time for appealing the judgment of conviction in petitioner's case

5 expired. For the reasons set forth in the report and recommendation

6 and discussed above, this belatedly raised ground is also time-

7 barred. See 28 U.S.C. § 2244(d).

8      Accordingly, IT IS ORDERED THAT:

9      1.    The report and recommendation is accepted.

10      2.    Judgment shall be entered consistent with this order.

11      3.    The clerk shall serve this order and the judgment on all

12 counsel or parties of record.

13

14      DATED:   7/2/08

15                                         GEORGE H. KING

16                                UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28                                     4